UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HUMANA HEALTH PLAN, INC. et al.,                                                    Plaintiffs,

v.                                                                   Civil Action No. 3:19-cv-831-DJH-RSE

PHYZRX and BLX SPECIALTY
PHARMACY,                                                           Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Humana Health Plan, Inc., Humana Insurance Company, and Humana Pharmacy Solutions, Inc. (collectively "Humana") filed this action alleging that Phyzrx and BLX Specialty Pharmacy improperly billed for compound drugs in violation of the parties' contracts. (Docket No. 1, PageID # 13)  The defendants move to dismiss the case, asserting that the dispute is subject to a binding arbitration agreement. (D.N. 15-1, PageID # 66)  For the reasons explained below, the Court finds that the defendants have waived the right to arbitrate these claims, and the motion to dismiss (D.N. 15) will therefore be denied.

**I.**

The Court "take[s] the facts only from the complaint, accepting them as true as [it] must do in reviewing a Rule 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)).  This case arises out of a dispute concerning the parties' pharmacy provider agreements. (D.N. 1, PageID # 5)  Humana alleges that Defendants BLX Specialty Pharmacy and Phyzrx violated the agreements by improperly billing for $2,164,297.43 and $1,135,422.07, respectively. (*Id.*, PageID # 3)  Humana unsuccessfully attempted to recoup these funds through a "contractually permitted chargeback effort." (*Id.*)

Unable to resolve the dispute, Humana filed an arbitration demand with the American Arbitration Association in November 2018, pursuant to the agreements' binding arbitration provisions. (*Id.*, PageID # 17) Humana's agreements with each defendant contained identical arbitration provisions. (*Id.*, PageID # 8) The agreements commit to arbitration any "disputes concerning the scope, validity or applicability of th[ese] Agreement[s] to arbitrate." (*Id.*) Additionally, the agreements note that "[t]he cost of any arbitration proceeding(s) hereunder shall be borne equally by the parties. Each party shall be responsible for its own attorneys' fees and such other costs and expenses incurred related to the proceeding, except to the extent applicable substantive law specifically provides otherwise." (*Id.*, PageID # 8–9)

After it initiated the arbitration proceeding, Humana paid the filing fee of $18,600 and made two deposits for estimated arbitrator's fees, which totaled $16,720.60. (*Id.*, PageID # 17) The AAA then informed Humana that the defendants had made none of the required deposits. (*Id.*) Humana and the AAA attempted to obtain the defendants' payment, but the defendants refused and indicated that they would refuse to pay any future costs. (*Id.*) As a result, the arbitrator dismissed the arbitration proceeding on October 23, 2019. (*Id.*)

Humana then filed this action on November 13, 2019, in an attempt to resolve the billing disputes. (*Id.*, PageID # 1) The defendants move to dismiss for failure to state a claim, arguing that a binding arbitration agreement governs the billing disputes. (D.N. 15-1, PageID # 66) Humana asserts that the defendants' actions preclude them from relying on the arbitration provision. (D.N. 16, PageID # 102–03) In reply, the defendants maintain that the parties bargained for arbitration and that the Court should honor the arbitration provisions. (D.N. 17, PageID # 110–111) Humana also moves for leave to file a surresponse (D.N. 18), and the defendants oppose this motion. (D.N. 20)

## II.

The parties agree that the arbitration provisions in the pharmacy provider agreements cover the billing disputes at the heart of this litigation. (D.N. 15-1, PageID # 66; D.N. 16, PageID # 100) Humana argues that the defendants cannot enforce the arbitration clauses because the defendants breached the agreements, the defendants are in default under 9 U.S.C. § 3, and the defendants have waived the right to arbitrate. (D.N. 16, PageID # 102–03) Because the Court finds that the defendants have waived the right to arbitrate, the Court need not address Humana's other arguments.

"The [Federal Arbitration Act] manifests a 'liberal federal policy favoring arbitration agreements.'" *Solo v. United Parcel Serv. Co.*, 947 F.3d 968, 972 (6th Cir. 2020) (quoting *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011)). In view of this federal policy, the "waiver of the right to arbitration is not to be lightly inferred." *Borror Prop. Mgmt., LLC v. Oro Karric North, LLC*, 979 F.3d 491, 494 (6th Cir. 2020) (quoting *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012)). "A party's 'failure to pursue arbitration' in spite of a compulsory arbitration provision means that the party 'has failed to state a claim'" under Federal Rule of Civil Procedure 12(b)(6). *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) (quoting *Teamsters Loc. Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)). But "[a] party implicitly waives its arbitration right, . . . when (1) the party's acts are 'completely inconsistent' with its arbitration right and (2) the party's conduct is prejudicial to an opposing party. . . ." *Borror*, 979 F.3d at 494 (citing *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 827–28 (6th Cir. 2015)).

With respect to the first element, although the Sixth Circuit has "declined to sharply define what conduct suffices [to establish waiver], it typically involves a defendant's failure to timely

3

invoke arbitration after being sued or its interference with a plaintiff's pre-litigation efforts to arbitrate." *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008) (citing *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 574 (6th Cir. 2003)). "The strong presumption in favor of arbitration works against finding waiver in cases other than those with the most compelling fact patterns." *Id.* (citing *Highlands*, 350 F.3d at 573).

The Sixth Circuit has repeatedly held that a party did not waive its right to arbitrate when it simply "refused to arbitrate, prior to the commencement of litigation, on the grounds that its opponent's claims were substantively weak." *Shy*, 781 F.3d at 829 (citing *JPD*, 539 F.3d at 394). In these situations, a party's pre-litigation letter indicating that it would not arbitrate amounted "to nothing more than the typical posturing that may occur where one party is attempting to 'stare down' the other party in the hope that the other party will simply give up." *Highlands*, 350 F.3d at 574; *see e.g. Borror*, 979 F.3d at 495; *Shy*, 781 F.3d at 829. In contrast, the Sixth Circuit has recognized that a party "may have had a better argument for waiver" if the party requesting arbitration "had frustrated the arbitration process upon commencement." *Highlands*, 350 F.3d at 574.

The defendants assert that their failure to pay arbitration fees was unintentional and not "completely inconsistent" with reliance on their arbitration rights. (D.N. 15-1, PageID # 70; D.N. 17, PageID # 117)  This is not a situation, however, where the defendants' actions represent a "stare-down," hoping that the other side will yield prior to taking action to remedy an alleged breach.  *Shy*, 781 F.3d at 829.  Here, Humana did not merely send the defendants a letter demanding arbitration, it also instituted arbitration proceedings against the defendants and paid its portion of the filing fees and estimated arbitrator fees, which totaled $35,320.60. (D.N. 1, PageID # 17)  Humana and the AAA attempted to get the defendants to pay their share of the arbitration

4

fees, but the defendants refused, and they stated that they would not pay these fees in the future.[1] (*Id.*) Any assertion that the defendants' failure to pay was unintentional belies the undisputed record before the Court that the defendants have not paid, nor attempted to pay, the fees associated with arbitrating the parties' dispute. Unlike a pre-litigation refusal to arbitrate, the defendants' failure to pay has frustrated a formal arbitration after its commencement.[2] *Highlands*, 350 F.3d at 574. In short, the defendants thwarted the arbitration process and interfered with Humana's "pre-litigation efforts to arbitrate," and the defendants' failure to pay therefore constitutes a "compelling fact pattern[]" where the defendants' actions are "completely inconsistent" with their arbitration rights. *JPD*, 539 F.3d at 393 (citing *Highlands*, 350 F.3d at 573–74).

To establish that the defendants waived their right to arbitrate, Humana must also demonstrate that it has suffered prejudice. *Solo*, 947 F.3d at 975. Actual prejudice exists where the parties suffer delay and expense after the commencement of formal proceedings but not where the prejudice is based on a refusal to arbitrate before the commencement of formal proceedings. *Id.* at 976; *see also Hurley v. Deutsche Bank Tr. Co. Americas*, 610 F.3d 334, 340 (6th Cir. 2010) (finding that delay in assertion of arbitration rights combined with expenses incurred in litigating the claim constituted actual prejudice).

---

[1] In fact, in their briefing on the motion to dismiss, the defendants never assert willingness to pay the arbitration fees should the case return to arbitration.

[2] The defendants attempt to avoid this conclusion by asserting that rule 57 of the commercial rules of arbitration resolves the issue. (D.N. 17, PageID # 111–12) In the event of nonpayment of arbitration fees by one party, rule 57 allows one party to advance all the fees and provides the arbitrator with flexibility to modify the award to reflect the nonpayment. Am. Arb. Ass'n, *Commercial Arbitration Rules and Mediation Procedures* Rule 57 (2013). Rule 57 does not, however, require one party to advance all the fees in the event of nonpayment. *Id.* If one party chooses not to pay all the fees, rule 57 allows the arbitrator to suspend and then terminate the proceedings, which the arbitrator did here. (D.N. 1, PageID # 17) The fact that rule 57 allows Humana to advance the fees before the arbitrator dismisses the case does not prevent the defendants from waiving the right to arbitrate by refusing to pay fees.

The defendants assert that they have not prejudiced Humana because they filed this motion to dismiss at the beginning of the litigation, and the parties have conducted no discovery. (D.N. 15-1, PageID # 70–71) Although this case remains at the beginning stages of litigation, two years have passed since the initial arbitration filing; Humana has paid more than $30,000 in arbitration fees[3]; and it has incurred expenses to bring this action after unsuccessfully attempting to arbitrate the claim with the defendants. (D.N. 1, PageID # 17) Under these circumstances, Humana has demonstrated actual prejudice stemming from the defendants' continued refusal to participate in arbitration by paying the required fees. *Solo*, 947 F.3d at 976. Because the defendants' actions are "completely inconsistent" with their arbitration rights and Humana has suffered prejudice as a result, the defendants have waived the right to arbitration in this case. *Borror*, 979 F.3d at 494.

---

[3] The defendants assert that Humana received a refund of a substantial portion of the arbitration fees, but the defendants make no attempt to quantify this alleged reimbursement. (D.N. 17, PageID # 117) The Court therefore accepts Humana's allegation of fees as true consistent with its obligation to accept all facts as true at the motion-to-dismiss stage. *Seifert*, 951 F.3d at 757 (citing Fed. R. Civ. P. 12(b)(6)).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The defendants' motion to dismiss for failure to state a claim (D.N. 15) is **DENIED**.

(2) Humana's motion for leave to file a surresponse (D.N. 18) is **DENIED** as moot.

(3) The Court requests that Magistrate Judge Regina S. Edwards set a status conference to establish an expedited litigation plan by which the case may proceed.

March 5, 2021

David J. Hale, Judge
United States District Court